**Carmen E. CAMPBELL,**
**Plaintiff–Appellant,**

v.

**Alexander STEIN, M.D.; et al.,**
**Defendants–Appellees.**

No. 07–56480.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carmen E. Campbell, Valencia, CA, pro se.

Milton A. Miller, Esquire, Latham & Watkins, LLP, Los Angeles, CA, Michael Miretsky, Esquire, McCurdy & Leibl, Sherman Oaks, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Carmen E. Campbell appeals pro se from the district court's order dismissing her medical malpractice action without leave to amend.¹ We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(1). *Cook v. AVI Casino Enters., Inc.,* 548 F.3d 718, 722 (9th Cir.2008). We affirm.

■ The district court properly dismissed Campbell's action under Rule 12(b)(1), because there was no subject matter jurisdiction. There was no federal question jurisdiction under 28 U.S.C. § 1331, because Campbell alleged no facts that Dr. Alexander Stein acted under color of state law, required to state a claim under 42 U.S.C. § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (holding that a § 1983 plaintiff must allege a constitutional violation committed under color of state law). Further, Campbell failed to plead diversity jurisdiction. *See* 28 U.S.C. § 1332.

■ Campbell also challenges the state court dismissal of her medical malpractice case, which was filed after the statute of limitations had expired, and a state court vexatious litigant order. Her challenge to the medical malpractice decision is barred under the *Rooker–Feldman* doctrine, because a losing party in state court is prohibited from seeking review of a state court decision in federal court, if the federal claim is inextricably intertwined with the state court issues, as is the case here. *See Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir.2003). We do not consider Campbell's challenge to the state vexatious litigant order because she did not raise that claim in district court. *See Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir.1995).

Campbell's remaining contentions are not persuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.